IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOYCE JONAS,

      Plaintiff,

vs.                                                                   No. CIV 09-0091 JB/WPL

BOARD OF COMMISSIONERS OF LUNA COUNTY,
LUNA COUNTY SHERIFF'S OFFICE,
DEPUTY SHERIFF DONNIE DANIELS,
and DEPUTY SHERIFF DON HOOLAN,

      Defendants.

**ORDER**

**THIS MATTER** comes before the Court on the Plaintiff's Motion in Limine, filed February 25, 2010 (Doc. 52). The Court held a hearing on March 5, 2010. The primary issues are: (i) whether the Court should exclude evidence of prior alleged child abuse by Plaintiff Joyce Jonas; and (ii) whether the Court should exclude evidence of the financial arrangements relating to the use of J. Jonas' home by Tierra Jonas and T. Jonas' children. For the reasons stated on the record, and for further reasons consistent with those already stated, the Court will grant the motion in limine.

In J. Jonas' motion, she asks the Court to order exclusion, pre-trial, of two categories of evidence. First, J. Jonas seeks to exclude any evidence of her alleged child-abuse conduct on the grounds that it is irrelevant, has potential to confuse the jury, and would waste the jury's time. See Motion at 2. Second, she seeks to exclude evidence of the nature of the financial relationship between J. Jonas and T. Jonas regarding the home in which T. Jonas and her children reside on relevance grounds. See id. at 3. The Defendants, in their response, concede that J. Jonas' alleged child abuse and the financial arrangements regarding the house are irrelevant to her claims. See

County Defendants' Response to Plaintiff's Motion in Limine, filed March 3, 2010 (Doc. 72). The Court will therefore exclude both categories of evidence.

The Defendants add to their Response, however, a request that the Court allow them to present evidence that J. Jonas was demanding payment of rent from T. Jonas, and it was these demands that eventually escalated to the events underlying this suit. See Response at 1. They insist that the evidence is relevant to give the jury context. See id. at 2. At the hearing, however, the Defendants conceded that, if other things, such as the photographs of the mess at the house were excluded, they did not need evidence of the reason for J. Jonas' visit, which is disputed. Thus, also for the reasons stated on the record, and for further reasons consistent with those already stated, the Court will deny the Defendants' request and disallow evidence of J. Jonas' demands of rent from T. Jonas.

**IT IS ORDERED** that: (i) the Plaintiff's Motion in Limine is granted; and (ii) the Defendants' request to present evidence of Plaintiff Joyce Jonas' demand of rent from Tierra Jonas notwithstanding the Court granting the motion in limine is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Michael E. Mozes
Albuquerque, New Mexico

    *Attorney for the Plaintiff*

Erika E. Anderson
Robles, Rael & Anaya, P.C.
Albuquerque, New Mexico

    *Attorneys for the Defendants*