IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOYCE JONAS,

      Plaintiff,

vs.                                                                                        No. CIV 09-0091 JB/WPL

BOARD OF COMMISSIONERS OF LUNA COUNTY,
LUNA COUNTY SHERIFF'S OFFICE,
DEPUTY SHERIFF DONNIE DANIELS,
and DEPUTY SHERIFF DON HOOLAN,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the County Defendants' Trial Brief, filed February 25, 2010 (Doc. 54); and the Defendants' Special Interrogatories, filed March 4, 2010 (Doc. 80). The Court held a hearing on March 5, 2010. The primary issue is whether the Court include special interrogatories in the final jury instructions, as Defendants Luna County Sheriff's Office, Deputy Sheriff Donnie Daniels, and Deputy Sheriff Don Hoolan have requested. For the reasons stated on the record, and for further reasons consistent with those already stated, the Court denies the Defendants' requests for special interrogatories.

The Defendants' trial brief asks the Court to include special interrogatories in the final jury instruction "to assist the Court in deciding whether Deputy Sheriff Officers Daniels and Hoolan are entitled to qualified immunity." County Defendants' Trial Brief at 4. The proposed special interrogatories are:

      1.    Based upon the facts and circumstances in this case, did Sheriff Deputy Donnie Daniels and Sheriff Deputy Don Hoolan reasonably believe that Joyce Jonas slapped Gerald Hefley?

       Yes \_\_\_\_\_          No \_\_\_\_\_

       2.    Based upon the facts and circumstances in this case, did Sheriff Deputy Donnie Daniels and Sheriff Deputy Don Hoolan have probable cause to arrest Joyce Jonas?

       Yes \_\_\_\_\_          No \_\_\_\_\_

       3.    Based upon the facts and circumstances in this case, did Sheriff Deputy Donnie Daniels and Sheriff Deputy Don Hoolan use a reasonable amount of force against Joyce Jonas?

       Yes \_\_\_\_\_          No \_\_\_\_\_

       4.    Prior to using the taser, did Sheriff Deputy Donnie Saniels and Sheriff Deputy Don Hoolan warn Joyce Jonas that she needed to stop her conduct or she would be tased?

       Yes \_\_\_\_\_          No \_\_\_\_\_

Defendants' Special Interrogatories at 1-2.

While the Defendants contend that there are three prongs to the qualified-immunity analysis, the Court believes that there are only two: (i) whether the officer violated a constitutional right; and (ii) whether that right was clearly established such that a reasonable officer would have known that his conduct violated it. See Sisneros v. Fisher, No. CIV 09-0213 JB/ACT, 2010 WL 520184, at *8-10 (D.N.M. Jan. 13, 2010)(Browning, J.)(discussing the two prongs of the qualified-immunity inquiry). The Defendants agree that the rights that the officers allegedly violated are clearly established. See Transcript of Hearing at 28:12-14 (taken March 5, 2010)("Tr.")(Court, Anderson).[1] The only remaining question is whether the officers committed a constitutional violation. The Defendants apparently also agree that there exist genuine issues of material fact that make summary judgment on the issue of a constitutional violation -- and thus on the issue of qualified immunity --

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

inappropriate. See Tr. at 24:6-10 (Court, Anderson); County Defendants' Trial Brief at 3 ("In the present matter, there were issues of material fact that would have precluded summary judgment."). If the jury finds a constitutional violation, the Defendants would not be entitled to qualified immunity. If the jury does not find a violation, the Defendants will not be liable and the protection of qualified immunity will be unnecessary. The Court will thus deny the Defendants' request for special interrogatories relating to the issue of qualified immunity.

The Defendants suggest that, if the jury decides they violated Jonas' clearly established constitutional rights, the Court must engage in a third inquiry: whether the officer's conduct was objectively reasonable. That, however, is the second part of a two-part inquiry for qualified immunity. Because there is no dispute that the applicable law was clearly established at the time of the incident, if the jury finds that the Defendants violated that clearly established law, the Court is not in a position to set aside the verdict by saying that the actions were nevertheless objectively reasonable. The jury will probably have to answer the Defendants' four questions in its deliberations to decide this case, but the Court does not see any use to the answers of those listed factual issues, separate from the verdict on the constitutional claims. Conversely, because the verdict form is already lengthy, the Court will not add questions that do not have a clearly useful purpose or are implicit in other questions asked.

**IT IS ORDERED** that Defendants Luna County Sheriff's Office, Deputy Sheriff Donnie Daniels, and Deputy sheriff Don Hoolan's request for proposed interrogatories in the County Defendants' Trial Brief is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Michael E. Mozes
Albuquerque, New Mexico

    *Attorney for the Plaintiff*

Erika E. Anderson
Robles, Rael & Anaya, P.C.
Albuquerque, New Mexico

    *Attorneys for the Defendants*