IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOYCE JONAS,

    Plaintiff,

vs.                                                                 No. CIV 09-0091 JB/WPL

BOARD OF COMMISSIONERS OF LUNA COUNTY,
LUNA COUNTY SHERIFF'S OFFICE,
DEPUTY SHERIFF DONNIE DANIELS,
and DEPUTY SHERIFF DON HOOLAN,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on: (i) the County Defendants' Proposed Voir Dire, filed March 2, 2010 (Doc. 61); and (ii) the Plaintiff's Objections to Defendants' Proposed Voir Dire, filed March 3, 2010 (Doc. 63). The Court held a hearing on March 5, 2010. The primary issue is whether the Court should disallow certain of Defendants Luna County Sheriff's Office, Deputy Sheriff Donnie Daniels, and Deputy Sheriff Don Hoolan's proposed voir dire examination questions. For the reasons stated on the record, and for further reasons consistent with those already stated, the Court rules as follows:

    **1.**    **Question 1(B).**

Question 1(B) is: "Recently, there was a case involving an older individual who was tased during a routine traffic stop in Texas. Do any of you have any strong opinions one way or the other on this case?" Because the Court believes that this question could spur dialogue which could reveal prejudices or biases of prospective jurors regarding the use of tasers, the Court overrules this objection. Counsel should not, however, describe in depth the facts of that case if jurors are

unfamiliar with the case.

**2.    Question 1(C).**

Question 1(C) is: "In general, taser cases have gotten a lot of publicity in recent years. Do any of you have a case you remember reading about or seeing on television? Do any of you have strong opinions one way or the other on this case?"  The Court concludes that this question could also spur dialogue which could reveal prejudices or biases of prospective jurors regarding the use of tasers.  The Court therefore overrules this objection.

**3.    Question 5.**

Question 5 reads: "Is there anyone here that believes that an officer is not justified in using a taser when an individual is being non-complaint?"  Plaintiff Joyce Jonas opposes this question based on its form, believing that the apparent double-negative could confuse the prospective jurors. The Court believes that the question is relevant and sufficiently clear to assist counsel in their task of eliminating biased or prejudiced jurors.  The Court therefore overrules this objection.

**4.    Question 6.**

Question 6 reads: "Is there anyone here that believes that an officer is not justified in arresting an individual who refuses to obey commands and prior warnings to stop committing a crime or offense?"  At the hearing, Michael Mozes, Jonas' attorney, withdrew his objection to this question.  See Transcript of Hearing at 41:9-13 (taken March 5, 2010)("Tr.")(Court, Mozes).[1]  The Court thus overrules this objection as moot.

**5.    Questions 13 and 13(A).**

Question 13 asks: "Does anyone believe that Luna County Sheriffs are more prone to

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

mistreating citizens than other police agencies?"  Question 13(A) asks: "Does anyone believe that Luna County Sheriffs routinely violate citizen's rights?"  The Court finds it unlikely that any of the jurors will be familiar with the Luna County Sheriff's Department or have a strong opinion on them.  If a juror does have a strong opinion on this issue, however, it is important that the Defendants be allowed to draw that out.  The Court will therefore overrule Jonas' objections to Questions 13 and 13(A).

**7.     Question 13(B).**

Question 13(B) asks: "Does anyone believe that all violations of citizen's constitutional rights must be compensated with money?"  At the hearing, the Court expressed its concern that such a question might lead the selected jurors to conclude that there are some constitutional violations which, under the law, should not be compensated by money.  The Court noted that, because a plaintiff is entitled to at least nominal damages if there has been a violation, the Court is not certain what constitutional violations should not be compensated by money.  Upon reflecting on the Court's concern, the Defendants consented to the Court sustaining Jonas' objection to Question 13(B).  See Tr. at 42:2-23 (Court, Anderson)("THE COURT:  So I'm sort of inclined to sustain the objection to 13(B) but overrule it as to 13 and 13(A).  MS. ANDERSON: That's fine, Your Honor.").

**8.     Question 20.**

Question 20 asks: "Do any of you believe that a police officer is required, due to this training, to be correct 100% of the time?"  Mr. Mozes' objection as to this question was that it included a vague reference to training.  The Court agrees that the vague reference to training should be removed from this question. Erika Anderson, the Defendants' counsel, did not disagree.  See Tr. at 43:12-20 (Court, Anderson)("THE COURT: . . . can you just ask the question, Ms. Anderson, 'do you believe that a police officer is required to be correct a hundred percent of the time?' . . . MS.

ANDERSON: That's fine."). The Court will thus sustain in part and overrule in part Jonas' objection to Question 20. Ms. Anderson may ask Question 20 if she omits the parenthetical expression, "due to his training."

**IT IS ORDERED** that the Plaintiff's Objections to Defendants' Proposed Voir Dire are overruled in part and sustained in part as set forth in this Order.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Michael E. Mozes
Albuquerque, New Mexico

    *Attorney for the Plaintiff*

Erika E. Anderson
Robles, Rael & Anaya, P.C.
Albuquerque, New Mexico

    *Attorneys for the Defendants*