IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOYCE JONAS,

    Plaintiff,

vs.                                                                                                  No. CIV 09-0091 JB/WPL

BOARD OF COMMISSIONERS OF LUNA COUNTY,
LUNA COUNTY SHERIFF'S OFFICE,
DEPUTY SHERIFF DONNIE DANIELS,
and DEPUTY SHERIFF DON HOOLAN,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on: (i) the Plaintiff's Proposed Voir Dire, filed March 3, 2010 (Doc. 62); and (ii) the County Defendants' Objections to Plaintiff's Proposed Voir Dire, filed March 3, 2010 (Doc. 73). The Court held a hearing on March 5, 2010. The primary issue is whether the Court should disallow certain of Plaintiff Joyce Jonas' proposed voir dire examination questions. For the reasons stated on the record, and for further reasons consistent with those already stated, the Court rules as follows:

    1.    **Question 17.**

Question 17 asks: "Does anyone believe that a law enforcement officer can justifiably use a taser to subdue an individual in circumstances where no crime is being committed?" The Court finds that this question is fair game, given that it is counsel's duty to find relevant biases or prejudices in prospective jurors. Jonas may choose to strike a prospective juror if he or she admits, in response to this question, that he or she feels police officers can use tasers in situations where

there is no crime being committed. The Court will overrule this objection.

**2:      Question 24.**

Question 24 asks: "Have you or a close friend or a relative worked for an insurance company or as a claims adjuster?" At the hearing, the Court first noted that Question 18 on the written Voir Dire Questionnaire already asks: "Are you or any family member, at present or in the past, an agent, employee, or representative of an insurance company?" The Court said the parties already largely have the answer to the proposed oral question and expressed concern that this oral question during voir dire might improperly interject the issue of insurance into the trial. Michael Mozes, Jonas' counsel, noted that the written question did not ask about close friends, but also explained that what he really wanted to know was whether the juror would feel comfortable awarding damages against a public agency. See Transcript of Hearing at 36:10-25 (taken March 5, 2010)("Tr.")(Court, Mozes).[1] The Court suggested that Mr. Mozes might get the same information by simply asking the prospective jurors if any of them would have difficulty assessing money damages against a public official if he or she thinks the money is going to come out of public coffers. See Tr. at 37:1-15 (Court). Mr. Mozes agreed to strike the existing question 24 and amend it to include a question more like that which the Court had suggested. See id. at 37:16-18 (Mozes). Erika Anderson, counsel for the Defendants, agreed that, so long as Mr. Mozes' question avoided mention of insurance, the Defendants have no problem with it. See id. at 38:11-39:7 (Court, Mozes, Anderson). The Court will therefore sustain the Defendants' objection to Question 24 without prejudice to Mr. Mozes asking questions related to the prospective jurors' willingness to assess damages against public officials, so long as he avoids mention of insurance.

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

**IT IS ORDERED** that the County Defendants' Objections to Plaintiff's Proposed Voir Dire are overruled in part and sustained in part as set forth in this Order.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Michael E. Mozes
Albuquerque, New Mexico

    *Attorney for the Plaintiff*

Erika E. Anderson
Robles, Rael & Anaya, P.C.
Albuquerque, New Mexico

    *Attorney for the Defendants*