IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOYCE JONAS,

      Plaintiff,

vs.                                                                         No. CIV 09-0091 JB/WPL

BOARD OF COMMISSIONERS OF LUNA COUNTY,
LUNA COUNTY SHERIFF'S OFFICE,
DEPUTY SHERIFF DONNIE DANIELS,
and DEPUTY SHERIFF DON HOOLAN,

      Defendants.

**ORDER**

**THIS MATTER** comes before the Court on: (i) the Plaintiff's Trial Exhibit List, filed February 25, 2010 (Doc. 51); (ii) the Plaintiff's Contested Exhibit List, filed March 3, 2010 (Doc. 66); and (iii) the County Defendants' Objections to Plaintiff's Proposed Exhibits, filed March 4, 2010 (Doc. 84). The Court held a hearing on March 5, 2010. The primary issue is whether the Court should exclude from trial certain of Plaintiff Joyce Jonas' proposed trial exhibits. For the reasons stated on the record, and for further reasons consistent with those already stated, the Court rules as follows:

      **1.**      **The Criminal Complaint.**

Defendants Luna County Sheriff's Office, Deputy Sheriff Donnie Daniels, and Deputy Sheriff Don Hoolan, object to the admission of a particular proposed copy of the criminal complaint brought against Jonas. They attach two exhibits to the motion. Exhibit A is a criminal complaint charging Jonas with "30-6-1 Abandonment or abuse of a child D (2)." Motion Exhibit A. Exhibit B is another criminal complaint, containing almost identical information. See Motion Exhibit B.

The Defendants object to admission of the Exhibit B criminal complaint. The only differences between the two complaints appear to be the lack of a serial number at the top of Exhibit B, the empty blank for the writer's "Title" on Exhibit A, and the fact that the name above the line labeled "Approved" says "ADA Hand" in Exhibit A, and says "ADA Hand Telephonically" in Exhibit B. The Defendants object to Exhibit B because, while Hoolan admits to filling out Exhibit A, he stated in deposition that he did not know who wrote "ADA Hand Telephonically" on Exhibit B. At the hearing, Michael Mozes, Jonas' attorney, agreed to withdraw the criminal complaint marked Exhibit B from his proposed exhibit list. See Transcript of Hearing at 44:16-45:18 (taken March 5, 2010)("Tr.")(Court, Mozes, Anderson).[1] The Court therefore sustains the Defendants' first objection.

### 2. **Sections of the Manual of Operating Procedures.**

The Defendants also object to certain sections of the Manual on Operating Procedures being admitted into evidence. The Court has addressed this issue in responding to the Defendants' first motion in limine. The Court is drafting an opinion on that motion that will explain in more detail why it finds that all Standard Operating Procedures ("SOPs") are inadmissible in Fourth-Amendment civil-rights cases. For the reasons stated in that opinion, to be issued in the near future, the Court sustains the Defendants' second objection.

### 3. **NMSA 1978, § 30-1-12.**

The Defendants' third objection is to admitting NMSA 1978, § 30-1-12 as an exhibit during trial. That section defines "great bodily harm" for criminal offenses. The Defendants argue that Jonas was charged under NMSA 1978, § 30-6-1D(2), which does not refer to "great bodily harm."

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

Jonas argue that including that definition would be irrelevant and would potentially confuse the jury. See Objections at 2. The Court, however, finds that a reasonable argument could be made from the criminal complaint that the police charged Jonas with violating NMSA 1978, § 30-6-1(D)(2) and, in the course of the violation, inflicting "great bodily harm." The absence of a citation to Section 30-1-12 in the criminal complaint is not dispositive. The Court therefore finds that the proposed exhibit is relevant and overrules the Defendants' third objection.

### 4. **Information Sheet for the X26 Taser.**[2]

The Defendants' final objection is to the Information Sheet for the X26 Taser. At the hearing, in response to the Court's question whether he would be able to lay any foundation for the exhibit, Mr. Mozes withdrew this exhibit from his exhibit list. See Tr. at 51:23-25 (Court, Mozes). The Court will therefore overrule the objection as moot.

**IT IS ORDERED** that the County Defendants' Objections to Plaintiff's Proposed Exhibits are overruled in part and sustained in part as set forth in this Order.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Michael E. Mozes
Albuquerque, New Mexico

    *Attorney for the Plaintiff*

---

[2] The objections refer to this as "Information Sheet, X26 Taxer." The Court assumes that the word "taxer" is simply a typographical error and that the information sheet describes a "taser."

Erika E. Anderson
Robles, Rael & Anaya, P.C.
Albuquerque, New Mexico

    *Attorneys for the Defendants*