# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOYCE JONAS,

      Plaintiff,

vs.                                                                                                          No. CIV 09-0091 JB/WPL

BOARD OF COMMISSIONERS OF LUNA COUNTY,
LUNA COUNTY SHERIFF'S OFFICE,
DEPUTY SHERIFF DONNIE DANIELS,
and DEPUTY SHERIFF DON HOOLAN,

      Defendants.

## ORDER

**THIS MATTER** comes before the Court on: (i) the County Defendants' Exhibit List, filed February 25, 2010 (Doc. 53); (ii) the Plaintiff's Objections to Defendants' Proposed Exhibits, filed March 3, 2010 (Doc. 69); and (iii) the County Defendants' Contested Exhibit List, filed March 3, 2010 (Doc. 74). The Court held a hearing on March 5, 2010. The primary issue is whether the Court should exclude from trial certain of Defendants Luna County Sheriff's Office, Deputy Sheriff Donnie Daniels, and Deputy Sheriff Don Hoolan's proposed trial exhibits. For the reasons stated on the record, and for further reasons consistent with those already stated, the Court rules as follows:

      **1.**      **Exhibit O -- Chart of Levels of Force Used.**

Plaintiff Joyce Jonas objects to the Defendants' introduction of Exhibit O, apparently a chart of levels of force used, on grounds of relevance. See Objections at 1 (citing Fed. R. Evid. 401, 402, and 403); County Defendants' Exhibit List at 2 (describing Exhibit O as a "Reactive Force Model (RCM)"). Erika Anderson, the Defendants' attorney, represented that, based on the Court's oral

ruling on other motions, she would withdraw Exhibit O.  See Transcript of Hearing at 52:12-15 (taken March 5, 2010)("Tr.")(Anderson).[1]  Based on that representation, the Court will overrule as moot Jonas' first objection.

### 2. Exhibit S -- NMSA 1978, § 30-3-15.

Jonas also objects to the Defendants' Exhibit S, the language of NMSA 1978, § 30-3-15. Ms. Anderson explained that the Defendants wish to submit those exhibits to inform the jury of the elements of civil battery and battery against a household member.  See Tr. at 52:15:22 (Anderson). She argued the statutes are relevant because, under precedent from the Supreme Court of the United States, if an officer had probable cause to arrest for any crime, even one other than the crime for which he or she made the arrest, the arrest is not unlawful.  See id. at 53:2-16 (Anderson).

Michael Mozes, Jonas' attorney, conceded that he had no problem with the Defendants using NMSA 1978, § 30-3-4, the statute setting forth the crime of simple assault, as an exhibit at trial.  See Tr. at 54:11-55:1 (Mozes).  His objection was only to Section 30-3-15, which describes a crime with which Jonas was not charged.  See Tr. at 54:11-55:1 (Mozes).  Ms. Anderson consented to the Court sustaining the objection as to Section 30-3-15, so long as she was permitted to use Section 30-3-4 as an exhibit.  See Tr. at 55:2-55:12 (Court, Anderson).  The Court will thus sustain Jonas' second objection without prejudice to the Defendants using NMSA 1978, § 30-3-4 as an exhibit at trial.

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

**IT IS ORDERED** that the Plaintiff's Objections to Defendants' Proposed Exhibits are overruled in part and sustained in part as set forth in this Order.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Michael E. Mozes
Albuquerque, New Mexico

    *Attorney for the Plaintiff*

Erika E. Anderson
Robles, Rael & Anaya, P.C.
Albuquerque, New Mexico

    *Attorneys for the Defendants*